UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-520-H

KATHLEEN BURKE                                                                                        PLAINTIFF

V.

SCOTTSDALE INSURANCE COMPANY                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is a case in which Plaintiff seeks remand to Jefferson Circuit Court under somewhat unusual circumstances. The Court will attempt to recite the pertinent procedural history because it is important to understanding the proper result.

On March 17, 2003, Plaintiff filed a negligence lawsuit in Jefferson Circuit Court against the Morton Center ("Morton Center") and Norman Flowers, Ph.D. ("Flowers"). The claims arose out of Plaintiff's care at the Morton nursing home. The Scottsdale Insurance Company ("Scottsdale") held the liability insurance coverage for Morton and its employees and provided a defense for both defendants. Shortly after Plaintiff filed her complaint in state court, Scottsdale filed a declaratory judgment action in federal court to contest its responsibility to provide coverage for the particular allegations in the complaint. The state court action proceeded not particularly quickly and with at least one significant trial delay. After several years, on October 12, 2006, Scottsdale attempted to intervene in the state court action. The Jefferson Circuit Court denied that motion.

On December 6, 2006, Plaintiff and Flowers entered into an agreed judgment in the

amount of $1 million. This settlement resolved all claims against Flowers. However, Plaintiff's claims against Morton remained. About the same time, the United States District Court issued an opinion declaring that Scottsdale had no coverage for the claims in Plaintiff's complaint.

In March, 2007, Plaintiff amended her state court action by filing a Second Amended Complaint. The Amended Complaint asserted a bad faith claim against Scottsdale in handling the litigation. The Amended Complaint did not expressly adopt and re-allege the prior complaint. Though Plaintiff filed the Amended Complaint in March, Scottsdale was not served until August 30, 2007. Apparently, Morton presumed that it remained a party defendant.

On or about September 28, 2007, Scottsdale filed notice in United States District Court for the Western District of Kentucky and Jefferson Circuit Court that it had removed the case to federal court. The removal was premised upon diversity of citizenship between Plaintiff and Scottsdale, the only defendant purported to remain in the case. On October 10, 2007, the Circuit held a conference to discuss scheduling.[1] At this time Scottsdale advised the Court of its removal. The Court ruled that Plaintiff had neither abandoned nor dismissed its claim against Morton.

Scottsdale's removal and the subsequent motion to remand raised a host of delicate issues. Scottsdale argues that neither Morton nor Flowers were defendants in the existing state court action on the date of removal.[2] This view as to Morton is premised upon the belief that when Plaintiff amended its complaint in March, 2007, it released its claims against Morton by inserting Scottsdale as the only defendant in the amended complaint. If Morton is no longer a

---

[1] Apparently, the court's clerk was somehow unaware of the removal.

[2] It appears clear that Flowers was no longer a defendant by virtue of his settlement with Plaintiff.

2

defendant, removal was appropriate; if Morton remained a defendant at that time, removal was improper.

This Court must determine the status of the pleadings from the record and the parties' arguments. The Court does not believe that Plaintiff intended to remove Morton as a party defendant.[3] The trial court never dismissed Morton as a party defendant. Plaintiff never evidenced an intent to drop Morton as a defendant. And finally, the state trial court never evidenced a belief that the amended complaint acted to drop Morton as a defendant.

The Court concludes that Plaintiff created a technical defect in the pleadings by not referencing or re-alleging the original complaint. However, nothing about the conduct of the parties suggests that such a result was intended or believed to have occurred. This Court has the discretion to evaluate the state of the pleadings in light of fairness and reality. This Court concludes that the better view is that Morton was never removed as a party defendant. Consequently, this Court finds that the existing parties, Plaintiff, Morton and Scottsdale, lack diversity and that, therefore, remand is appropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this matter is REMANDED to Jefferson Circuit Court.

---

[3] As a legal matter, this case was remanded to federal court on or about September 28, 2007. Consequently, the state court lacked jurisdiction to act thereafter. The Court should not consider, therefore, any subsequent specific orders of the state court.

3

cc: Counsel of Record